**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1873
_____

CONSOL MINING CO LLC; CONSOL ENERGY INC, c/o Sedgwick CMS,
Petitioners

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS UNITED
STATES DEPARTMENT OF LABOR; VONDA SILK, surviving spouse of Stanley D.
Silk, deceased
_____

On Petition for Review of a Decision and Order of the
United States Department of Labor Benefits Review Board
(BRB No. 23-0380 BLA)
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 17, 2025

Before: CHAGARES, *Chief Judge*; MONTGOMERY-REEVES and McKEE, *Circuit
Judges*.

(Opinion filed: July 10, 2025)
_____

OPINION*
_____

MONTGOMERY-REEVES, *Circuit Judge*.

When Stanley D. Silk passed away after working as an underground coal miner for

thirty-nine years, his spouse filed a claim for benefits under the Black Lung Benefits Act.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

*See* 30 U.S.C. § 901 *et seq.* An Administrative Law Judge ("ALJ") determined that she was entitled to benefits, and the United States Department of Labor's Benefits Review Board (the "Board") affirmed. Consol Mining Company and Consol Energy, Inc. ("Consol Mining") petitioned for review and argues that the ALJ's award of benefits was unsupported by substantial evidence. Because we disagree, we will deny the petition for review.

## I.    DISCUSSION[1]

The Black Lung Benefits Act provides benefits to coal miners or their eligible survivors "for death or disability due to" black lung disease, medically known as "pneumoconiosis." 30 U.S.C. § 901(a). In this case, the ALJ applied a rebuttable presumption that Silk died because of pneumoconiosis. *See* 30 U.S.C. § 921(c)(4). Consol Mining could rebut this presumption by establishing (1) that Silk had neither "[l]egal pneumoconiosis" nor "[c]linical pneumoconiosis," or (2) "that no part of [his] death was caused by pneumoconiosis." 20 C.F.R. § 718.305(d)(2). Because the ALJ

---

[1]  The Board had jurisdiction over Consol Mining's appeal from the ALJ's order pursuant to 33 U.S.C. § 921(b)(3), as incorporated by 30 U.S.C. § 932(a). We have jurisdiction pursuant to 33 U.S.C. § 921(c), as incorporated by 30 U.S.C. § 932(a).

"We have plenary review of the Board's legal determinations." *Helen Mining Co. v. Dir., Off. of Workers' Comp. Programs, U.S. Dep't of Lab.*, 650 F.3d 248, 254 (3d Cir. 2011) (citation omitted). "In instances where a party challenges a finding of fact by the Board or the ALJ, 'we must independently review the record and decide whether the ALJ's findings are supported by substantial evidence.'" *Id.* (quoting *Kertesz v. Crescent Hills Coal Co.*, 788 F.2d 158, 163 (3d Cir. 1986)). "'Substantial evidence' has been defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Smith v. Califano*, 637 F.2d 968, 970 (3d Cir. 1981) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

determined that Consol Mining failed to rebut the presumption, Consol Mining filed this petition for review. We will address each issue in turn.

## A. Pneumoconiosis

The ALJ found that Consol Mining failed to establish that Silk did not have legal pneumoconiosis.[2] Legal pneumoconiosis refers to "any chronic lung disease or impairment and its sequelae arising out of coal mine employment." 20 C.F.R. § 718.201(a)(2). Thus, to rebut the presumption that Silk had legal pneumoconiosis, Consol Mining needed to establish before the ALJ that Silk did not have "any chronic pulmonary disease or respiratory or pulmonary impairment significantly related to, or substantially aggravated by, dust exposure in coal mine employment." 20 C.F.R. § 718.201(b).

The ALJ considered three medical opinions in resolving this question. We have explained that the ALJ's "discretion to determine the weight accorded each doctor's opinion" is "broad." *Balsavage v. Dir.*, *Off. of Workers' Comp. Programs, U.S. Dep't of Lab.*, 295 F.3d 390, 396 (3d Cir. 2002) (citing *Dir.*, *Off. of Workers' Comp. Programs, U.S. Dep't of Lab. v. Mangifest*, 826 F.2d 1318, 1326 (3d Cir. 1987)). As a result, the "ALJ is not bound to accept the opinion or theory of any medical expert, but may weigh the medical evidence and draw its own inferences." *Id.* (quoting *Mancia v. Dir., Off. of Workers' Comp. Programs, U.S. Dep't of Lab.*, 130 F.3d 579, 588 (3d Cir. 1997)).

---

[2] The ALJ also determined that Silk suffered from clinical pneumoconiosis. Because substantial evidence supports the ALJ's determination that Silk suffered from legal pneumoconiosis, we need not discuss this finding.

3

Further, when weighing the opinions of medical experts, the ALJ "may disregard a medical opinion that does not adequately explain the basis for its conclusion." *Lango v. Dir.*, *Off. of Workers' Comp. Programs, U.S. Dep't of Lab.*, 104 F.3d 573, 578 (3d Cir. 1997) (quotation omitted).

Consol Mining argues that the ALJ improperly discounted the opinion of Dr. Stephen Basheda. Dr. Basheda posthumously diagnosed Silk with, among other things, possible chronic obstructive pulmonary disease ("COPD") with an asthmatic component, but he attributed it to tobacco use or rheumatoid arthritis, not to pneumoconiosis or Silk's work in the mines. Consol Mining challenges the ALJ's determination that "Dr. Basheda's opinion as to the etiology of the miner's COPD/asthma is not well-documented, well-reasoned, nor entitled to any weight." App. 49. Specifically, Consol Mining suggests the ALJ reached this conclusion by ignoring Silk's rheumatoid arthritis, heavy tobacco use, and evidence that Silk was prescribed bronchodilators, which would not help COPD caused by coal mine dust.

But the question is whether Silk's COPD was "significantly related to, or substantially aggravated by, dust exposure in coal mine employment," not whether rheumatoid arthritis or tobacco use were involved. 20 C.F.R. § 718.201(b). Under this standard, the ALJ found that Dr. Basheda failed to explain why Silk's diagnosis did not constitute legal pneumoconiosis regardless of the presence of other factors, and as support the ALJ cited to research by the Department of Labor establishing that coal mine dust exposure is linked to COPD. *See Regulations Implementing the Federal Coal Mine Health and Safety Act*, 65 Fed. Reg. 79920, 79940 (Dec. 20, 2000) ("[A]nalysis of data

4

from miners who worked only in dust-controlled conditions confirm the connection between coal mine dust exposure and obstructive lung disease.").  The Department of Labor's findings "unquestionably support[] the reasonableness of [the ALJ's] decision to assign less weight to [Dr. Basheda's] opinion."  *Helen Mining*, 650 F.3d at 257.

All told, the ALJ carefully exercised its broad discretion to determine the weight of Dr. Basheda's opinion, and we will not weigh it anew.  *Balsavage*, 295 F.3d at 396.  The ALJ then turned to the unchallenged, reliable opinions of two medical experts who opined that Silk's COPD constitutes legal pneumoconiosis.  Based on the evidence presented and the relevant weight assigned to the medical opinions, the ALJ agreed that Silk suffered from legal pneumoconiosis.  Taken together, we hold that substantial evidence—that is, "more than a mere scintilla"—supports the ALJ's determination that Consol Mining failed to establish that Silk did not have legal pneumoconiosis.  *Id.* at 395 (quoting *Richardson*, 402 U.S. at 401).[3]

## B.    Cause of Death

The ALJ found that Consol Mining failed to establish "that no part of [Silk's] death was caused by pneumoconiosis."  20 C.F.R. § 718.305(d)(2)(ii).  Silk's death certificate listed cardiopulmonary arrest, septic shock, pneumonia, and cholecystitis as causes of death.  The ALJ gave "no weight" to the death certificate because nothing

---

[3]  We summarily reject Consol Mining's separate argument that the ALJ was biased. Consol Mining objects to a statement the ALJ made about the general ineffectiveness of supplemental expert reports.  But the ALJ made clear he would give Consol Mining the opportunity to file one and read it with an open mind.  We detect no bias, and we do not see how this exchange "tainted" the proceedings below.  Opening Br. 56.

suggested the physicians who signed the death certificate "possessed any relevant qualifications or personal knowledge of the miner upon which to assess the cause of death." App. 52. Consol Mining argues that the ALJ improperly overlooked the death certificate's omission of pneumoconiosis as a cause of death.[4]

We disagree. Even if the ALJ were to give the death certificate evidentiary weight, we have explained that an "immediate cause of death [of] cardiac arrest does not preclude the possibility that the miner had a respiratory or pulmonary impairment; the two conditions are not inconsistent with each other." *Mancia*, 130 F.3d at 587 (quoting *Smakula v. Weinberger*, 572 F.2d 127, 133 (3d Cir. 1978)). And here, the ALJ found an opinion of an expert witness that Silk's "pneumoconiosis contributed to his risk of infection and that his lung functioning reduced his ability to tolerate severe infection" was "well-reasoned and entitled to great weight." App. 55. Given that the death certificate lists pneumonia (that is, an infection of the lungs) as a cause of death, the death certificate does not negate the ALJ's determination that Consol Mining failed to establish that no part of Silk's death was caused by pneumoconiosis. As a result, substantial

---

[4] Consol Mining also argues that the ALJ's improper discrediting of Dr. Basheda affected how the ALJ viewed his testimony about Silk's cause of death. Because "the credibility of a doctor's judgment as to whether pneumoconiosis is a cause of a miner's disability is necessarily influenced by the accuracy of his underlying diagnosis, which lies at the heart of any claim for black lung benefits," the ALJ was entitled to discount Dr. Basheda's testimony about Silk's cause of death. *Hobet Mining, LLC v. Epling*, 783 F.3d 498, 504 (4th Cir. 2015); *accord Soubik v. Dir., Off. of Workers' Comp. Programs, U.S. Dep't of Lab.*, 366 F.3d 226, 234 (3d Cir. 2004) ("Common sense suggests that it is usually exceedingly difficult for a doctor to properly assess the contribution, if any, of pneumoconiosis to a miner's death if he/she does not believe it was present.").

evidence supports the ALJ's determination that Consol Mining did not establish that no part of Silk's death was caused by pneumoconiosis.

## II.     CONCLUSION

For the foregoing reasons, we will deny the petition for review.